Samuel Lasser (SBN - 252754)
slasser@edelson.com
EDELSON PC
1934 Divisadero Street
San Francisco, CA 94115
Tel: 415.994.9930
Fax: 415.776.8047

Rafey S. Balabanian (*Pro Hac Vice*)
rbalabanian@edelson.com
Ari J. Scharg (*Pro Hac Vice*)
ascharg@edelson.com
Alex Nguyen (*Pro Hac Vice*)
anguyen@edelson.com
Alicia E. Hwang (*Pro Hac Vice*)
ahwang@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Joe Arroyo and the Putative Class*

LEE TRAN & LIANG LLP
Enoch H. Liang (SBN 212324)
  enoch.liang@ltlattorneys.com
Heather F. Auyang (SBN 191776)
  heather.auyang@ltlattorneys.com
601 Gateway Boulevard, Suite 1010
South San Francisco, CA 94080
Telephone: (650) 422-2130
Facsimile: (213) 612-3773

LEE TRAN & LIANG LLP
Timothy S. Fox (SBN 280918)
  timothy.fox@ltlattorneys.com
601 S. Figueroa Street, Suite 3900
Los Angeles, CA 90017
Telephone: (213) 612-8900
Facsimile: (213) 612-3773

*Attorneys for Defendants
TP-LINK USA Corporation and
TP-LINK Research Institute USA Corporation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOE ARROYO, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>TP-LINK USA CORPORATION, a California corporation, TP-LINK RESEARCH INSTITUTE USA CORPORATION, a California corporation,<br><br>*Defendants*. | Case No. 5:14-CV-04999-EJD<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. Edward J. Davila<br>Date Filed: November 12, 2014 |

WHEREAS, discovery in the above-captioned action will involve the disclosure of certain documents, things, and information in the possession, custody or control of a party or a non-party that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, Plaintiff Joe Arroyo ("Plaintiff") and Defendants TP-LINK USA Corporation and TP-LINK Research Institute USA Corporation ("Defendants") (Plaintiff and Defendants are individually referred to as "Party" and collectively as "Parties") by and through their counsel, HEREBY AGREE AND STIPULATE to the entry of the following protective order.

## STIPULATED PROTECTIVE ORDER

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The Parties acknowledge this Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.3, this Order does not entitle them to file confidential information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied.

2. DEFINITIONS

2.1 Challenging Party: A Party or Non-Party (defined below) that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: Information any Producing Party (defined below), including any Non-Party, in good faith believes to contain (a) such material or matter used by it in, or pertaining to, its business, which is not generally known and which the Producing Party

normally would not reveal to third parties or would cause third parties to maintain in confidence; (b) any trade secret or other confidential research, design, development, or commercial information; (c) any information or documents which the Producing Party is under an obligation to a third-party to maintain the confidential nature of the documents or information; and (d) information that should otherwise be subject to confidential treatment pursuant to the Federal Rules of Civil Procedure, including but not limited to Rule 26(c)(1)(G).

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel (defined below) and in-house counsel (as well as their support staff).

2.4 <u>Designating Party</u>: A Party or Non-Party that designates information or items it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other materials, testimony, transcripts, and tangible things), produced or generated in disclosures or responses to discovery in this action.

2.6 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. This also includes all information or documents provided by a Non-Party to a Producing Party under an agreement whereby the Producing Party has agreed to maintain the documents or information under the highest confidentiality designation of the Protective Order.

2.8 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 <u>Outside Counsel</u>: Attorneys who are not employees of a Party, but who represent a Party in this action.

1   2.10 Party: Any party to this action, including all of its officers, directors, employees,
2   consultants, retained experts, and Outside Counsel (and their support staffs).
3   2.11 Producing Party: A Party or Non-Party that produces Disclosure or Discovery
4   Material in this action.
5   2.12 Professional Vendors: Persons or entities that provide litigation support services (*e.g.*,
6   photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,
7   storing, or retrieving data in any form or medium), and their employees and subcontractors.
8   2.13 Protected Material: Any Disclosure or Discovery Material designated as
9   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."
10  2.14 Receiving Party: A Party that inspects or receives Disclosure or Discovery Material
11  from a Producing Party.
12  3. SCOPE
13  The protections conferred by this Stipulation and Order cover not only Protected Material,
14  but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts,
15  summaries, or compilations of Protected Material; and (3) any testimony, conversations, or
16  presentations by Parties or their Counsel that might reveal Protected Material. However, the
17  protections conferred by this Stipulation and Order do not cover the following information: (a) any
18  information in the public domain at the time of disclosure to a Receiving Party or becomes part of
19  the public domain after its disclosure to a Receiving Party as a result of publication not involving a
20  violation of this Order, including becoming part of the public record through trial or otherwise;
21  and (b) any information known to the Receiving Party prior to the disclosure or obtained by the
22  Receiving Party after the disclosure from a source who obtained the information lawfully and
23  under no obligation of confidentiality to the Designating Party. Any use of Protected Material at
24  trial shall be governed by a separate agreement or order.
25  4. DURATION
26  Even after final disposition of this litigation, the confidentiality obligations imposed by this
27  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order
28  otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims

and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations shown to be clearly unjustified or made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

1 ONLY" to each page that contains Protected Material where feasible, and in a manner that will not interfere with legibility. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," except as provided in Section 8.1(e). After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  If only a portion, or portions of the material on a page, qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony entitled to protection and it appears substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony appropriately designated for protection within the 21-day period shall be covered by the provisions of this Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days

afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so the other Parties can ensure only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. The Designating Party shall inform the court reporter of these requirements. Any transcript prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c) For information produced in a non-paper media (*e.g.*, videotape, audiotape, computer disk, etc.), that the Producing Party label the outside of such non-paper media as CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"  and produce the material in a sealed envelope and to the extent possible apply a label to the media and its container identifying the designation of the media. In the event a Receiving Party generates any electronic copy, "hard copy," transcription or printout from any such designated non-paper media, such Party must treat each copy, transcription or printout as designated and label it in a manner effective to ensure proper treatment.  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure the material is treated in

1  accordance with the provisions of this Order.

2  6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

3  6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of
4  confidentiality within 60 days of receipt of the designated material or designation.

5  6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by
6  providing written notice of each designation it is challenging and describing the basis for each
7  challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must
8  recite that the challenge to confidentiality is being made in accordance with this specific paragraph
9  of the Order. The Parties shall attempt to resolve each challenge in good faith and must begin the
10 process by conferring directly (in voice to voice dialogue; other forms of communication are not
11 sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party
12 must explain the basis for its belief that the confidentiality designation was not proper and must
13 give the Designating Party an opportunity to review the designated material, to reconsider the
14 circumstances, and, if no change in designation is offered, to explain the basis for the chosen
15 designation. A Challenging Party may proceed to the next stage of the challenge process only if it
16 has engaged in this meet and confer process first or establishes that the Designating Party is
17 unwilling to participate in the meet and confer process in a timely manner.

18 6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court
19 intervention, the Designating Party shall file and serve a motion to retain confidentiality under
20 Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 14 days of
21 the Parties agreeing the meet and confer process will not resolve their dispute. Each such motion
22 must be accompanied by a competent declaration affirming the movant has complied with the
23 meet and confer requirements imposed in the preceding paragraph. In addition, the Challenging
24 Party may file a motion challenging a confidentiality designation within 60 days of receipt of the
25 designated material or designation if good cause exists for doing so, including a challenge to the
26 designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this
27 provision must be accompanied by a competent declaration affirming the movant has complied
28 with the meet and confer requirements imposed by the preceding paragraph.

1    The burden of persuasion in any such challenge proceeding shall be on the Designating
2 Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose
3 unnecessary expenses and burdens on other Parties) may expose the Challenging Party to
4 sanctions. Unless the Designating Party has waived the confidentiality designation by failing to
5 file a motion to retain confidentiality as described above, all Parties shall continue to afford the
6 material in question the level of protection to which it is entitled under the Producing Party's
7 designation until the Court rules on the challenge.

8 7. ACCESS TO AND USE OF PROTECTED MATERIAL

9    7.1 Basic Principles. A Receiving Party may use Protected Material disclosed or produced
10 by another Party or by a Non-Party in connection with this case only for prosecuting, defending,
11 or attempting to settle this litigation. Such Protected Material may be disclosed only to the
12 categories of persons and under the conditions described in this Order. When the litigation has
13 been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL
14 DISPOSITION).

15    Protected Material must be stored and maintained by a Receiving Party at a location and in
16 a secure manner that ensures access is limited to the persons authorized under this Order.
17  [This should only apply to persons signing Exhibit A]

18    7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by
19 the Court, or permitted in writing by the Designating Party, a Receiving Party may disclose any
20 information or item designated "CONFIDENTIAL" only to:

21    (a) The Receiving Party's Outside Counsel in this action, as well as employees of said
22 Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation.

23    (b) In-house counsel of the Receiving Party who have signed the "Acknowledgment and
24 Agreement to Be Bound" (Exhibit A).

25    (c) The officers, directors, and employees of the Receiving Party to whom disclosure is
26 reasonably necessary for this litigation.

27    (d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is
28 reasonably necessary for this litigation and who have signed the "Acknowledgment and

Agreement to Be Bound" (Exhibit A).

(e) The Court and its personnel.

(f) Court reporters and their staff.

(g) Professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(h) During their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(i) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the persons set forth in Sections 7.2(a), (b), (d) (after complying with Section 7.4), (g), and (h) provided they have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

A Receiving Party may disclose information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the persons set forth in Sections 7.2(e) in filings under seal, and the persons set forth in 7.2(f) who provide services in connection with depositions or hearings in this litigation and to the extent necessary to transcribe or record testimony and identify exhibits marked in the course of hearing or deposition. If a Party wishes to disclose any Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any person not described in these subparagraphs, permission to so disclose must be requested from the Producing Party or Designating Party in writing. If the Producing Party or Designating Party objects to the proposed disclosure within seven (7) business days, no such disclosure shall be made unless, upon motion by the party requesting such permission, the Court

orders otherwise.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.</u>

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 9 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the

reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order.

(b) Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order.

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order apply to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    1.    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2.    Promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3.    Make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party

must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person(s) to whom unauthorized disclosures were made of all of the terms of this Order, and (d) request person(s) to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Section 4, each

1  Receiving Party must make reasonable efforts to return all Protected Material to the Producing
2  Party or destroy such material. As used in this subdivision, "all Protected Material" includes all
3  copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of
4  the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving
5  Party must submit a written certification to the Producing Party (and, if not the same person or
6  entity, to the Designating Party) by the 60-day deadline that confirms the Receiving Party has
7  made reasonable efforts to return or destroy all Protected Material and confirms that the Receiving
8  Party has not retained any copies, abstracts, compilations, summaries, or any other format
9  reproducing or capturing any of the Protected Material. The Receiving Party's reasonable efforts
10 shall not require the return or destruction of materials that are (a) stored on backup storage media
11 stored in accordance with regular data backup procedures for disaster recovery purposes; (b) are
12 located in the email archive system or archived electronic files of departed employees; or (c) are
13 subject to legal hold obligations. Notwithstanding this provision, Counsel are entitled to retain an
14 archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal
15 memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product,
16 and consultant and expert work product, even if such materials contain Protected Material. Any
17 such archival copies that contain or constitute Protected Material remain subject to this Order,
18 including any such materials retained in backup storage media.

19 **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

20 Respectfully submitted,

Dated: September 15, 2015                                **LEE TRAN & LIANG LLP**

                                                  By:    */s/* Heather F. Auyang (w/ permission)
                                                         Enoch H. Liang
                                                         Heather F. Auyang
                                                         Timothy S. Fox

                                                         *Attorneys for Defendants*
                                                         *TP-LINK USA Corporation and TP-LINK*
                                                         *Research Institute USA Corporation*

Dated: September 15, 2015                                   **EDELSON PC**

                By: /s/ Alicia E. Hwang
                   Ari J. Scharg
                   Alex Nguyen
                   Alicia E. Hwang

                  *Attorneys for Plaintiff Joe Arroyo*
                  *and the Putative Class*

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this Stipulated Protective Order has been obtained from the other signatories.

Dated: September 15, 2015       /s/ Alicia E. Hwang

                 Alicia E. Hwang

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: September 16, 2015       *[signature]*
                 HON. PAUL S. GREWAL
                 UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____, 2015, in the case of *Arroyo v. TP-LINK USA Corporation, et al.* (Case No. 14-cv-04999-EJD).  I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceeding related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                         [printed name]

Signature: _____
                  [signature]