| | |
|---|---|
| Samuel Lasser (SBN - 252754)<br>slasser@edelson.com<br>EDELSON PC<br>1934 Divisadero Street<br>San Francisco, CA 94115<br>Tel: 415.994.9930<br>Fax: 415.776.8047<br><br>Rafey S. Balabanian*<br>rbalabanian@edelson.com<br>Ari J. Scharg*<br>ascharg@edelson.com<br>Alexander T.H. Nguyen*<br>anguyen@edelson.com<br>Alicia E. Hwang*<br>ahwang@edelson.com<br>EDELSON PC<br>350 North LaSalle Street, Suite 1300<br>Chicago, Illinois 60654<br>Tel: 312.589.6370<br>Fax: 312.589.6378<br><br>*Admitted *Pro hac vice*<br><br>*Attorneys for Plaintiff Joe Arroyo and the Putative Class* | LEE TRAN & LIANG LLP<br>Enoch H. Liang (SBN 212324)<br>enoch.liang@ltlattorneys.com<br>Heather F. Auyang (SBN 191776)<br>heather.auyang@ltlattorneys.com<br>601 Gateway Boulevard, Suite 1010<br>South San Francisco, CA 94080<br>Telephone: (650) 422-2130<br>Facsimile: (213) 612-3773<br><br>LEE TRAN & LIANG LLP<br>Timothy S. Fox (SBN 280918)<br>timothy.fox@ltlattorneys.com<br>601 S. Figueroa Street, Suite 3900<br>Los Angeles, CA 90017<br>Telephone: (213) 612-8900<br>Facsimile: (213) 612-3773<br><br>*Attorneys for Defendant TP-LINK USA Corporation* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOE ARROYO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TP-LINK USA CORPORATION, a California corporation, TP-LINK TECHNOLOGIES CO., LTD., a People's Republic of China corporation,<br><br>Defendants. | No. 5:14-CV-04999-EJD<br><br>**UPDATED JOINT TRIAL SETTING CONFERENCE STATEMENT**<br><br>Hon. Edward J. Davila<br><br>Complaint Filed: November 12, 2014 |

Pursuant to this Court's December 14, 2015 Order (Dkt. 70) and Standing Order for Civil Cases, Plaintiff Joe Arroyo ("Plaintiff") and Defendant TP-LINK USA Corporation ("TP-LINK USA") (collectively, with Plaintiff, the "Parties")[1] hereby submit the following updated Joint Trial Setting Conference Statement. The Trial Setting Conference is currently scheduled for January 14, 2016 at 11:00 a.m.

**I.    JURISDICTION**

    **A.    Plaintiff's Position:**

Plaintiff alleges that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the alleged amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

    **B.    Defendant TP-LINKUSA's Position:**

TP-LINK USA continues to dispute that this Court has subject matter jurisdiction over this action because, *inter alia*, at least one exception applies under 28 U.S.C. § 1332, including that Plaintiff has failed to suffer any injury in fact sufficient to constitute the requisite amount in controversy to support diversity jurisdiction. TP-LINK USA maintains that under California choice-of-law rules, Plaintiff is precluded from maintaining this action individually or on behalf of the putative class because the transaction-at-issue occurred in Florida. TP-LINK USA further disputes whether the amount in controversy exceeds $5,000,000. TP-LINK USA contends that the Central District of California is the more convenient forum for this action. As set forth in TP-LINK USA's pending Motion to Transfer [Dkt. 50], the dismissal of Defendant TP-LINK Research Institute USA Corporation has brought into question whether this case should have been filed in this Court.

---

[1] Defendant TP-LINK Technologies Co., Ltd. has not yet appeared in this case and is not a party to this Joint Trial Setting Statement.

## II. SUBSTANCE OF THE ACTION

### A. Plaintiff's Statement:

Plaintiff Joe Arroyo is a resident of Florida who brings this putative class action on behalf of himself, as well as a class of similarly situated individuals who purchased Defendants' AV500 PowerLine adapters (Model Nos. TL-PA4010, TL-PA4010KIT, TL-PA511, and/or TL-PA511KIT). Plaintiff alleges that Defendants falsely represent—through statements printed on the retail packaging of every AV500 PowerLine adapter, the adapter itself, and in their marketing materials—that their AV500 PowerLine adapters are capable of transmitting at speeds of "up to 500 Mbps." Plaintiff alleges that these statements are false because testing has revealed that the AV500 PowerLine adapters at issue are technologically incapable of transmitting data at speeds of anywhere close to 500 Mbps, and further, that had he known that these statements were false, he would not have purchased the product in the first place.

Plaintiff respectfully requests the following relief: that the Court enter an Order (or Orders) (i) certifying this case as a class action on behalf of the Class defined above, appointing Joe Arroyo as representative of the Class, and appointing his counsel as class counsel; (ii) declaring that Defendants' actions, as set out above, violate the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, et seq.), the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 et seq.), and the False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, et seq.), and constitute fraud in the inducement, breach of express warranties, and unjust enrichment; (iii) awarding damages (i.e., in the amount Plaintiff, and other consumers like him, paid for Defendants' AV500 PowerLine adapters), including statutory and punitive damages where applicable, to Plaintiff and the Class in an amount to be determined at trial; (iv) awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees; (v) awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and (vi) awarding such other and further relief as the Court deems reasonable and just.

### B. Defendant TP-LINK USA's Statement:

      TP-LINK USA generally agrees with Plaintiff's recitation of the substance of the action with the following modifications:

1. Plaintiff's sole support for his claim that TP-LINK USA's adapters do not transmit at speeds "up to 500 Mbps" consists of internet articles that pre-date TP-LINK USA's introduction of any AV500 product, reporting on informal test results from non-TP-LINK USA products.

2. Plaintiff has failed to put forward any allegations or evidence that the TL-PA4010 or TL-PA4010KIT do not or cannot transmit as advertised.

3. TP-LINK USA can and will establish that no false representations were made as the devices-at-issue can transmit at 500Mbps; and

4. TP-LINK USA disputes that Plaintiff is entitled to any of the relief requested.

                                              *       *       *

The Parties contend that the principal factual issues in dispute are:

1. Whether Defendants made false or misleading statements regarding the transmission speed of the TL-PA4010, TL-PA4010KIT, TL-PA511, and/or TL-PA511KIT models of Defendants' AV500 PowerLine adapters;

2. Whether Defendants made these allegedly false or misleading statements to deceive consumers into purchasing the TL-PA4010, TL-PA4010KIT, TL-PA511, and/or TL-PA511KIT models of Defendants' AV500 PowerLine adapters;

3. Whether Plaintiff ever viewed or relied on any of Defendants' advertising or other statements related to the speed of the TL-PA4010, TL-PA4010KIT, TL-PA511, and/or TL-PA511KIT models of Defendants' AV500 PowerLine adapters;

4. Whether the TL-PA4010, TL-PA4010KIT, TL-PA511, and/or TL-PA511KIT models of Defendants' AV500 PowerLine product line share common physical characteristics (i.e. chipset and hardware) and/or were marketed in a substantially similar manner;

5. Whether the TL-PA4010, TL-PA4010KIT, TL-PA511, and/or TL-PA511KIT models of Defendants' AV500 PowerLine adapters are in fact capable of achieving the transmission speeds of 500 Mbps as advertised;

6. What respective role(s) TP-LINK USA and TP-LINK Technologies Co., Ltd. played in the development and marketing of the TL-PA4010, TL-PA4010KIT, TL-PA511, and/or TL-PA511KIT models of AV500 PowerLine adapters; and

7. What damages Plaintiff and/or the Class incurred as a result of Defendants' alleged conduct.

### III. LEGAL ISSUES

The legal issues in this case include, but are not limited to:

1. Whether Defendants' conduct constitutes a violation of California's Consumers Legal Remedies Act (Cal. Civ. Code. §§ 1750, et seq.); Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, et seq.); or False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, et seq.);

2. Whether Defendants' conduct constitutes fraud in the inducement, breach of express warranties; and whether Defendants have been unjustly enriched;

3. Whether this action is suitable for class treatment under Fed. R. Civ. P. 23(b)(3);

4. Whether and to what extent Defendants' conduct caused damage to Plaintiff or any member of the putative class;

5. Whether Defendants' advertising statements were misleading to the reasonable consumer;

6. Whether Plaintiff has standing to bring this action;

7. Whether Plaintiff is an adequate class representative for the claims and products asserted in this action;

8. Whether, and to what extent, Plaintiff and/or the alleged class is entitled to attorneys' fees and/or interest; and

9.     Whether Plaintiff, a Florida resident who purchased the TL-PA511KIT in Florida, can maintain this action that is based entirely on California law under California choice-of-law principles and in view of the Ninth Circuit precedent in *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), *reh'g en banc denied* (9th Cir. 2012).

## IV.     MOTIONS

**Prior motions**:

Defendants TP-LINK USA and TP-LINK Research Institute USA Corporation filed a Rule 12(b)(6) Motion to Dismiss the Complaint on January 21, 2015. (Dkt. 25.) The motion was granted in part and denied in part by this Court on September 29, 2015, and the Court granted leave for Plaintiff to amend his complaint by October 16, 2015. (Dkt. 47.)  TP-LINK USA also previously filed a Motion to Stay (Dkt. 51) that it took off-calendar after the Court denied advancing its hearing date (Dkts. 49, 64).  Plaintiff moved for leave to file an amended complaint adding TP-LINK Technologies Co., Ltd. as a Party-Defendant, as well as additional allegations related to non-purchased products TL-PA4010 and TL-PA4010KIT on October 16, 2015 (Dkt. 48), which this Court granted on December 14, 2015 (Dkt. 70).  TP-LINK USA also filed a second motion to dismiss (Dkt. 49), which was denied by the Court as moot.

**Pending motions**:

Currently pending are the following motions scheduled to be heard by the Court on February 18, 2016:

1.     TP-LINK USA's Motion to Transfer/Change Venue filed on October 21, 2015 (Dkts. 50, 57, 62);

2.     TP-LINK USA's Motion to Strike the Declaration of Alicia Hwang filed on November 19, 2015 (Dkts. 63, 66, 69); and

1       3.      TP-LINK USA's Motion to Dismiss the First Amended Complaint filed on December 29, 2015 (Dkt. 74).[2]

**Anticipated motions:**

1. Plaintiff anticipates filing the following motions: (i) a motion for class certification; (ii) a motion for summary judgment; and (iii) discovery-related motions, if necessary.

2. TP-LINK USA anticipates filing the following motions: (i) motion for a protective order related; (ii) motion(s) for summary judgement/adjudication; and (iii) other discovery-related motions, if necessary.

## V. DISCOVERY

### A. Plaintiff's Position:

Plaintiff submits that discovery has not yet been completed in this case due, in large part, to Defendant's delay in and outright refusal to produce its witnesses for deposition. (*See* Dkt. 58-1.) After requesting that the Rule 30(b)(6) deposition be rescheduled three times (from September to November 2015), Defendant cancelled the Rule 30(b)(6) deposition on November 9, 2015, three days before it was scheduled to take place. For the month following, Defendant took the position that it was unwilling to proceed with the Rule 30(b)(6) deposition, or any of the other five employee depositions that had been noticed, while its motions to dismiss and transfer were pending. On December 4, 2015, Defendant notified Plaintiff that it would no longer be standing on its refusal to produce its witnesses, and agreed to produce its Rule 30(b)(6) witness for a deposition limited to the Powerline adapter models TL-PA511 and TLPA511KIT that Plaintiff purchased, subject to reopening for questioning on Powerline adapter models TL-PA4010 and TL-PA4010KIT should Plaintiff's amended complaint be granted. Plaintiff took Defendant's Rule 30(b)(6) deposition subject to those limitations on December 11, 2015.

---

[2] Subject to Court approval, the Parties have stipulated to an extension of the briefing schedule on Defendant's motion to dismiss the amended complaint by one week. (Dkt. 77.) Accordingly, Plaintiff's opposition to the motion will be due on January 19, 2016, and Defendant's reply in support of its motion due on February 2, 2016.

On December 14, 2015, the Court granted Plaintiff's request for leave to amend the complaint and Plaintiff's first amended complaint was filed. (Dkts. 70, 71.) Plaintiff now seeks to take the five other noticed employee depositions, and to reopen the Rule 30(b)(6) deposition for questioning on Powerline adapter models TL-PA4010 and TL-PA4010KIT. Plaintiff further seeks to obtain written discovery related to Powerline adapter models TL-PA4010 and TL-PA4010KIT, as well as other available discovery disclosed during the Rule 30(b)(6) deposition.

From December 11th to the end of December, Defendant claimed that it was working on gathering further responsive documents for production, as well as confirming deponent availability for January. On December 29, 2015, Defendant filed a motion to dismiss the first amended complaint. (Dkt. 74.) Thereafter, on December 31, 2015, Defendant informed Plaintiff that it did not believe it was appropriate to conduct discovery while its motion to dismiss the amended complaint remained pending, and thus, would no longer be providing deposition dates or other written discovery. Defendant further stated that it intended to move the Court for a stay of all discovery.

Plaintiff's first amended complaint also added TP-Link Technologies Co. Ltd. (TP-LINK USA's parent company located in China) as a party-defendant. Plaintiff is working to serve the first amended complaint on TP-Link Technologies Co. Ltd., and anticipates propounding discovery on TP-Link Technologies Co. Ltd. on the following non-exhaustive list of topics: (1) the design, testing, and manufacturing of the AV500 PowerLine network adapters; (2) the actual functionality of the AV500 PowerLine network adapters; (3) information related to the marketing, advertising, and promotion of the AV500 PowerLine network adapters; (4) information concerning the sales and distribution of the AV500 PowerLine network adapters, and all monies derived therefrom; (5) the relationship between Defendants and each Defendant's respective role in the testing and marketing of the AV500 PowerLine adapters, and (6) information relating to certification of the putative class under Rule 23.

Based upon the above, Plaintiff anticipates that the case management deadlines (including the fact discovery cut-off) may need to be extended by at least approximately ninety days, as

proposed below in Section IX, to permit completion of necessary witness and party depositions related to TP-LINK USA, as well as service and discovery on TP-Link Technologeis Co. Ltd. Accordingly, the Parties intend to file a Joint Stipulation to continue scheduling deadlines to that effect.

### B. Defendant TP-LINK USA's Position:

TP-LINK USA disputes the majority of Plaintiff's position related to discovery. Due to the amendment of Plaintiff's complaint to include additional allegations and a new party, TP-LINK USA does not believe that discovery in this matter can complete prior to the current discovery cutoff. Accordingly, TP-LINK USA agrees that the deadlines in this case should be extended according to the below schedule.

Additionally, based on the case-dispositive nature of TP-LINK USA's pending motion to dismiss (Dkt. 74), TP-LINK USA believes that all discovery should be stayed in this matter pending a ruling on that motion. Accordingly, TP-LINK USA plans to seek a protective order to this effect from the Court.

## VI. SETTLEMENT AND ADR

The Parties held an ADR telephone conference with Mr. Howard Herman, the director of the Court's ADR program, on June 8, 2015 at 2:00 p.m. (Dkt. 38.) Due to the Parties' various pending motions, no other ADR conference has been scheduled to date. The Parties propose that ADR should be scheduled once the pleadings are finalized.

## VII. BIFURCATION AND SEPARATE TRIAL OF ISSUES

### A. Plaintiff's Position:

Plaintiff does not believe that bifurcation or a separate trial of specific issues is necessary or desired.

### B. Defendant TP-LINK USA's Position:

TP-LINK USA may move to bifurcate any claim for punitive damages prior to trial.

## VIII. TRIAL

### A. Plaintiff's Position:

Plaintiff submits that the parties are not currently ready for trial, as discovery remains to be completed, TP-Link Technologies Co. Ltd. has not yet appeared in the case, and various motions remain pending before the Court. Further, despite representations to the contrary up until the New Year, Defendant has now taken the position that it will not proceed with discovery whilst its motion to dismiss the amended complaint is pending, likely necessitating even further extension of case deadlines.

Plaintiff has requested a trial by jury of all matters that can be so tried and anticipates that a trial in this matter will require approximately eight Court days.

### B. Defendant TP-LINK USA's Position:

TP-LINK USA agrees that the parties are not ready for trial due to the numerous outstanding issues including the addition and service of TP-Link Technologies Co., Ltd. in this action, the status of discovery, and a resolution of TP-LINK USA's pending motions. TP-LINK USA believes that eight Court days is excessive in this matter and that 3-5 days is a more appropriate estimate.

## IX. SCHEDULING

As set forth in their forthcoming Joint Stipulation to Continue Dates Listed in the Case Management Order, the Parties request that the Case Management Schedule be amended as follows:

| EVENT | CURRENTLY SCHEDULED DATES | PLAINTIFF'S PROPOSED DEADLINES |
|---|---|---|
| *Fact discovery cut-off* | January 20, 2016 | April 19, 2016 |
| *Designation of Opening Experts with Reports* | February 19, 2016 | May 19, 2016 |
| *Designation of Rebuttal Experts with Reports* | March 4, 2016 | June 9, 2016 |
| *Expert Discovery Cutoff* | March 11, 2016 | June 23, 2016 |
| *Deadline(s) for Filing Dispositive Motions* | March 21, 2016 | July 7, 2016 |

| | | |
|---|---|---|
| *Pretrial conference* | TBD | TBD |
| *Trial to begin* | TBD | TBD |

## X.   OTHER MATTERS

At this time, the Parties are unaware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this action.

*   *   *

Respectfully submitted,

EDELSON PC

Dated: January 4, 2016                    By: /s/ Alicia E. Hwang

Alicia E. Hwang
Attorney for Plaintiff


LEE, TRAN & LIANG LLP

Dated: January 4, 2016                    By: /s/ Heather F. Auyang
Heather F. Auyang
Attorney for Defendant TP-LINK USA


## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: January 4, 2016

/s/ Alicia E. Hwang